Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| ADAM J MCQUILLIAM, | Case No. 2-21-bk-08369-EPB |
| Debtor. | **TRUSTEE'S RECOMMENDATION** |
| | Deadline is March 1, 2022 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The secured debt to be paid to Westlake Services, LLC is $15,463.33 as stated in the creditor's proof of claim, to be paid at the rate of 5.25% interest as stated in the Plan.

(2) The proof of claim filed by the Internal Revenue Service indicates that the Debtor has not filed his 2016 and 2017 income tax returns. The Trustee cannot recommend confirmation until the tax returns are filed and the Internal Revenue Service amends its proof of claim.

(3) The priority debt to be paid to the Arizona Department of Revenue is $789.43 as stated in the creditor's proof of claim.

(4) The proof of claim filed by Conn Appliances, Inc. is not provided for by the Plan. The Debtor must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is

believed to be unsecured); (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; © notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(5) The housing expense listed on Schedule J exceeds the Trustee's Guidelines by $687.00 per month. The Debtor must provide a copy of the lease agreement to verify monthly payments of $3,265.00.

(6) The Trustee renews his request for a completed Self Employment Questionnaire.

(7) A self-employed debtor is required to file monthly Business Operating Statements with the Court. Statements for November 2021 through January 2022 must be filed with the Court not later than March 14, 2022. The Debtor is reminded that this is a monthly filing requirement and each Statement must be filed by the 15th day of each following month.

(8) Trustee requests a copy of the 2020 federal and state income tax returns, along with all attachments, forms, schedules and statements. The debtor is to provide the returns to Counsel and Debtor's counsel is to provide the returns to the Trustee through www.13documents.com.

(9) Upon filing the Debtor must submit a copy of the 2021 federal and state income tax returns, along with all attachments, forms, schedules and statements to his attorney. In addition, the Trustee requires the turnover of any net nonexempt tax refunds for 2021 as supplemental payments

- 2 -

Case 2:21-bk-08369-EPB    Doc 13    Filed 02/11/22    Entered 02/11/22 15:07:21    Desc
Page 2 of 5

to be paid first to unsecured, priority claims, and then to unsecured, nonpriority claims. The Order confirming must include a provision regarding the turnover of the nonexempt tax refunds.

(10) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the 13documents.com website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

© Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(E) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(F) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(G) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and

provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(H) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2021 - 2025 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.13documents.com.

(I) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(J) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13©, the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(K) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by March 1, 2022, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a

- 4 -

Case 2:21-bk-08369-EPB    Doc 13    Filed 02/11/22    Entered 02/11/22 15:07:21    Desc
Page 4 of 5

hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

ADAM J MCQUILLIAM
9361 WEST DALEY LANE
PEORIA, AZ 85383
ADAMMCQUILLIAM@YMAIL.COM

BENJAMIN WRIGHT
WRIGHT LAW OFFICES, PLC
2999 N. 44TH ST., SUITE 250
PHOENIX, AZ 85018
BWRIGHT@WLOAZ.COM

_____
*jmorales@ch13bk.com*